# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| ALEXSAM, INC. | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:13-cv-0007-MHS-CMC |
| | § | |
| TOYS "R" US—DELAWARE, INC. AND | § | |
| TRU-SVC, LLC, | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

## JOINT STIPULATIONS OF DISMISSAL

Alexsam, Inc. ("Alexsam") commenced this action against Defendants Toys "R" Us—Delaware, Inc. and TRU-SVC, LLC (collectively, "Toys "R" Us") on March 17, 2010, alleging infringement of United States Patent No. 6,000,608 ("the '608 patent") and 6,189,787 ("the '787 patent"). On October 9, 2013, Alexsam sought a continuance of the trial currently scheduled for October 22, 2013, and in that motion indicated that it had terminated its relationship with its trial counsel. (Dkt No. 261, Case No. 2:13-cv-0005)  On October 11, 2013, the Court issued an Order (Dkt No. 262, Case No. 2:13-cv-0005), denying Alexsam's motion for continuance, and scheduling a show cause hearing for October 16, 2013 in Tyler, Texas.

WHEREAS, in response to the Court's Order (Dkt No. 262, Case No. 2:13-cv-0005), Alexsam seeks to voluntarily dismiss its claims against Toys "R" Us with prejudice, in order to fully resolve and terminate its litigation against Toys "R" Us; Alexsam and Toys "R" Us hereby jointly stipulate to the following:

1.  Alexsam has retained and is represented by its undersigned counsel, Thomas H. Watkins, in connection with these stipulations.  Mr. Watkins has made a general appearance in this

matter on behalf of Alexsam.

2. Pursuant to Fed. R. Civ. P. 41, Alexsam hereby dismisses with prejudice all claims that were or could have been asserted against Toys "R" Us in this action.

3. Alexsam's dismissal with prejudice fully exhausts any and all past, present, and/or future claims against Toys "R" Us, including all Toys "R" Us Affiliates and subsidiaries, with respect to the '608 patent and/or '787 patent.  In addition, Alexsam's dismissal with prejudice fully exhausts any and all past, present, and/or future claims with respect to the '608 patent and/or '787 patent regarding any claims against any third party or customer with respect to any Toys "R" Us or Toys "R" Us Affiliate or subsidiary branded gift card (collectively "Branded Gift Card") or other Toys "R" Us or Toys "R" Us Affiliate or subsidiary branded product (collectively "Branded Product"), and any methods, services, or systems used in connection with any Branded Gift Card or Branded Product. "Affiliate" means, with respect to a corporation or other entity, any other corporation or entity that directly or indirectly controls, is controlled by, or is under common control with such corporation or entity.  For purposes of this definition, "control" means the possession, directly or indirectly, of the power to direct or cause the direction of management or policies of a corporation or other entity whether through the ownership of voting securities, by contract or otherwise.

4. Pursuant to Fed. R. Civ. P. 41, Toys "R" Us hereby dismisses without prejudice its counterclaims asserted against Alexsam in this action.  Toys "R" Us further covenants not to assert any litigation with respect to the '608 patent and the '787 patent against Alexsam, unless Alexsam initiates a lawsuit against Toys "R" Us or any person or entity initiates any litigation against Toys "R" Us with respect to the '608 patent and/or the '787

patent.

5. Toys "R" Us will not seek sanctions, attorneys' fees, and/or costs from Alexsam in connection with the above-captioned matter. Toys "R" Us's agreement to refrain from seeking such relief is the sole consideration offered by Toys "R" Us; neither Toys "R" Us nor Alexsam will exchange any payments in connection with their stipulations. However, pursuant to Fed. R. Civ. P. 41(d), Toys "R" Us reserves the right to seek sanctions, attorneys' fees, and/or costs from Alexsam in the event that the '608 patent and/or '787 patent are subsequently enforced against Toys "R" Us or any third party or customer with respect to any Branded Gift Card or Branded Product, and any methods, services, or systems used in connection with any Branded Gift Card or Branded Product.

6. Alexsam will bear its own attorneys' fees and costs.

7. Alexsam agrees to defend, indemnify, and hold Toys "R" Us and its indemnitors harmless from and against any and all claims, counterclaims, suits, losses, damages, liabilities, and/or expenses (including but not limited to reasonable attorneys' fees) of every kind whatsoever arising out of any dispute between Alexsam, Robert E. Dorf, and any attorney or law firm retained by Alexsam or Robert E. Dorf.

8. Alexsam's dismissal of its claims against Toys "R" Us is not the result of any settlement agreement, license, or any payment to Alexsam.

9. This Court retains jurisdiction over Alexsam and Toys "R" Us for purposes of enforcing the above stipulations.

Date: October 15, 2013

By /s/ Thomas H. Watkins

Thomas H. Watkins
*Tom.watkins@huschblackwell.com*
State Bar No. 20928000
Daniel R. Smith
*Daniel.smith@huschblackwell.com*
State Bar No. 24013525
HUSCH BLACKWELL, L.L.P.
111 Congress Avenue, Suite 1400
Austin, TX 78701-4093
Tel: (512) 472-5456

*Attorneys for Plaintiff Alexsam, Inc.*

These stipulations are agreed to by Alexsam, Inc., a Texas Corporation:

By _____
Robert E. Dorf
Title: CEO
Alexsam, Inc.

By /s/ Alan M. Fisch (with permission)

Alan M. Fisch
*alan.fisch@fischllp.com*
Jason F. Hoffman
*jason.hoffman@fischllp.com*
R. William Sigler
*bill.sigler@fischllp.com*
Jeffrey Saltman
*jeffrey.saltman@fischllp.com*
FISCH HOFFMAN SIGLER LLP
5335 Wisconsin Avenue, N.W.
Eighth Floor
Washington, D.C. 20015
Tel: (202) 362-3500

Michael C. Smith
Texas State Bar No. 18650410
*smith.mcj@gmail.com*
SIEBMAN, REYNOLDS,
BURG, PHILLIPS & SMITH, L.L.P.
113 East Austin St.
Marshall, TX 75671
Tel: (903) 938-8900

*Attorneys for Defendants Toys "R" Us-Delaware, Inc. and TRU-SVC, LLC*

4

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2013, the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via email upon counsel of record.

By: */s/ Thomas H. Watkins*